# In The United States Court of Federal Claims

No. 12-380C

(Filed: May 30, 2013)
_____

UNITED LAUNCH SERVICES, LLC,
and THE BOEING COMPANY,

           Plaintiffs,

   v.

THE UNITED STATES,

           Defendant.
_____

**ORDER**
_____

    Pursuant to the agreement of the parties, Court of Federal Claims Rule 26(c)(1), and Rule 502(d) of the Federal Rules of Evidence, the Court hereby **ORDERS** that:

1. The parties and the Court anticipate that a large volume of documents and electronically stored information ("ESI") will be produced during discovery in this case. Under these circumstances, it is foreseeable that parties will inadvertently produce documents and ESI that are attorney-client privileged, protected from disclosure by the work product doctrine, or otherwise immune from discovery. To speed production, it is hereby ordered that the production of a document or ESI, in whole or in part, shall not alone constitute a waiver of the attorney-client privilege, work product doctrine, or any other privilege as to any portion of that document or ESI, in this or in any other proceeding.

2. In addition, because the United States and other parties may be engaging in a review and select procedure as part of document production, certain documents may be seen by the receiving party prior to a privilege review by the producing parties. Therefore, for purposes of this order, such viewing by the receiving party shall not be deemed a waiver of the attorney-client privilege, work product doctrine, or any other discovery immunity.

3. Should a party wish to assert the attorney-client privilege, work product doctrine, or any other discovery immunity as to a document or ESI produced in this proceeding, the party shall provide written notice to the receiving party and identify the document or ESI by its specific

       identifying characteristic, such as by Bates number, and provide the receiving party with a privilege log for the document or ESI that is sufficient for the receiving party to evaluate the privilege claim.

4. Upon receiving notice of a claim of privilege or protection by the producing party regarding produced document(s) or data, the recipient shall segregate, with promptness and in accordance with RCFC 26(b)(5)(B), the specified document(s) or data, as well as any copies thereof, and the recipient shall not use the information in the specified document(s) or data, except as provided by RCFC 26(b)(5)(B), until after the claim is resolved.  If the court upholds – or if the recipient does not challenge – the producing party's claim of privilege as to the produced document(s) or data, the recipient shall return or dispose of the specified document(s) or data, as well as any copies thereof.

5. At all times after the producing party provides the requisite notice, the receiving party shall not refer to the allegedly privileged material in any manner, whether written or oral, in any interrogatory, request for admission, document request, interview, deposition, oral argument, trial or submission to the court; nor will the receiving party disclose the substance of that material to any third party; however, the receiving party may reference the allegedly privileged or protected material to the court in accordance with a motion challenging the assertion of privilege.

6. This order assumes that counsel for the parties will act in good faith with respect to claims of privilege.  Therefore, if a party discovers that it has received one or more documents that, in the judgment of the receiving party, appear to contain privileged or protected material, the receiving party will promptly notify the producing party.  Disclosure of privileged or protected material by the receiving party prior to later designation as privileged shall not be deemed a violation of the provisions of this Order; however, a receiving party who discloses material later designated as privileged shall seek to retrieve the material in accordance with paragraph 4 of this Order.

7. This order does not govern information protected solely on the basis of its designation as "Protected Information" pursuant to any separately entered Protective Order; the parties' rights and responsibilities with respect to information designated Protected Information under a separate Protective Order shall be governed by that Protective Order.

**IT IS SO ORDERED**.

                                                  s/ Francis M. Allegra
                                                  Francis M. Allegra
                                                  Judge