# In The United States Court of Federal Claims

No. 12-380C

(Filed: May 30, 2013)

_____

UNITED LAUNCH SERVICES, LLC,
and THE BOEING COMPANY,

                Plaintiffs,

  v.

THE UNITED STATES,

                Defendant.

_____

**PROTECTIVE ORDER**

_____

The court finds that certain information likely to be disclosed orally or in writing during the course of this litigation may be sensitive or otherwise confidential and protectable and that entry of a Protective Order is necessary to safeguard the confidentiality of that information. Accordingly, the court hereby **ORDERS** that parties shall comply with the terms of this Protective Order.

Any party producing information, documents, or other material in this case (the designating party) may designate as Protected Information any information, document, or material that meets the definition of Protected Information set forth in this Protective Order. The producing party shall act in good faith when designating discovery material as protected pursuant to this Protective Order and act to minimize the number of documents designated as protected.

    1.    <u>Protected Information Defined</u>. "Protected Information" as used in this order means proprietary, business, financial, technical, trade secret, or commercially sensitive information, as well as confidential information that is otherwise protected from disclosure under applicable law. Protected Information as used in this order shall not include information that is attorney-client privileged, protected from disclosure by the work product doctrine, or otherwise immune from discovery; the parties' rights with respect to such documents, including rights with respect to inadvertent production of those documents, shall be governed by Federal Rule of Evidence 502 and the terms of any separately entered Federal Rule of Evidence 502(d) Order. Protected Information may be contained in:

        (a)    any document (e.g., a pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by a party to this litigation; or

        (b)    any deposition, sealed testimony or argument, declaration, or affidavit taken or provided during this litigation.

2. <u>Restrictions on the Use of Protected Information</u>.  Protected Information shall be used solely for the purposes of this litigation, including any appellate proceedings.  Protected Information produced by an opposing party may not be given, shown, made available, discussed, or otherwise conveyed in any form, except as provided in this Protective Order, discovery orders prescribed by the court for this litigation, or as otherwise required by federal statutory law.

3. <u>Individuals Permitted Access to Protected Information</u>.  Except as provided in paragraphs 7 and 8, the only individuals who may be given access to Protected Information produced by an opposing party are current personnel of the parties (defined as persons who are employees of a party at the time access to Protected Information is provided), counsel for a party (including outside and in-house counsel), independent consultants, experts, and staff assisting such persons in connection with this litigation, as well as any witnesses or deponents if the Protected Information is, in good faith, determined to be necessary to prepare or take the witness or deponent's testimony.

4. <u>Applying for Access to Protected Information</u>. An individual seeking access to Protected Information, other than current personnel of the parties, outside and in-house counsel, or as provided in paragraphs 7 and 8, must read this Protective Order; complete the application form (attached hereto as Attachment A) or applicable sections of the application form (such as in the case of individuals other than expert consultants or witnesses); and file the executed application with the court.

5. <u>Objecting to an Application for Admission</u>.  Any objection to an application for access must be filed with the court on the court's electronic case filing system within two (2) business days of the objecting party's receipt of the application.

6. <u>Receiving Access to Protected Information</u>.  If no objections have been filed by the close of the second business day after the other parties have received the application, the applicant will be granted access to Protected Information without further action by the court.  If any party files an objection to an application, access will only be granted by court order.

7. <u>Access to Protected Information by Court Personnel</u>.  Personnel of the court, videographers, and court reporters working on the case are automatically subject to the terms of this Protective Order and are entitled to access Protected Information without further action.

8. <u>Access to Protected Information by Support Personnel</u>.  Paralegal, clerical, and administrative support personnel, and vendors assisting any counsel admitted under this Protective Order may be given access to protected information by such

counsel if those personnel have first been informed by counsel of the obligations imposed by this Protective Order.

9. <u>Identifying Protected Information for Use in the Case</u>.  Protected Information shall be provided only to the court and to individuals admitted under this Protective Order and must be identified as follows:

   (a) if provided in electronic form, the subject line of the electronic transmission shall read "CONTAINS PROTECTED INFORMATION"; or

   (b) if provided in paper form, the document must be sealed in a parcel containing the legend "PROTECTED INFORMATION ENCLOSED" conspicuously marked on the outside; or

   (c) if provided on electronic media (i.e., a CD, DVD, etc.), the electronic media shall be marked with a legend stating "CONTAINS PROTECTED INFORMATION."

   The first page of each document, deposition transcript, or exhibit containing Protected Information, including courtesy copies for use by the court, must contain a banner stating "Protected Information to Be Disclosed Only in Accordance With the Protective Order."

10. <u>Materials for Inspection</u>.  In the event that a party makes documents or materials available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection.  For purpose of initial inspection, all documents made available for inspection shall be considered Protected Information.  Upon production of the inspected documents, or portions thereof, the party shall designate, in writing, within five (5) business days of production, which of the produced or copied documents and materials contain Protected Information.

11. <u>Filing Protected Information</u>.  Pursuant to this order, a document containing Protected Information may be filed electronically under the court's electronic case filing system using the appropriate activity listed in the SEALED menu.  If filed in paper form, with the court's permission, a document containing Protected Information must be sealed and must include as an attachment to the front of the parcel a copy of the certificate of service identifying the document being filed.

12. <u>Redacting Protected Documents For the Public Record</u>.

   (a) <u>Initial Redactions</u>.  After filing a document containing Protected Information, or after later sealing a document which contains Protected Information, a party must promptly serve on the other parties a proposed redacted version marked Proposed Redacted Version in the upper right-hand corner of the first page with the claimed Protected Information deleted.

    (b)    <u>Additional Redactions</u>.  If a party seeks to include additional redactions, it must advise the filing party of its proposed redactions within seven (7) business days after receipt of the proposed redacted version, or such other time as agreed upon by the parties.  The filing party must then provide the other parties with a second redacted version of the document clearly marked Agreed-Upon Redacted Version in the upper right-hand corner of the page with the additional information deleted.

    (c)    <u>Final Version</u>.  At the expiration of the period noted in (b) above, or after an agreement between the parties has been reached regarding additional redactions, the filing party must file with the court on the court's electronic case filing system the final redacted version of the document clearly marked Redacted Version in the upper right-hand corner of the first page.  This document will be available to the public on the court's electronic case filing system.

    (d)    <u>Objecting to Redactions</u>.  Any party at any time may object to another party's designation of certain information as protected.  The parties shall first work together to informally resolve any disagreements about whether information is properly redacted.  If the parties are unable to reach agreement, the objecting party may submit the matter to the court for resolution.  Until the court resolves the matter, the disputed information must be treated as Protected Information.

13. <u>Safeguarding Protected Information</u>. Any individual admitted under this Protective Order must take all necessary precautions to prevent unauthorized disclosure of Protected Information, including, but not limited to, physically securing, safeguarding, and restricting access to the Protected Information.

14. <u>Inadvertent Disclosure</u>.  The inadvertent or unintentional disclosure of Protected Information shall not be deemed to be a waiver of a party's claim of protection.  Any dispute regarding a party's waiver shall be governed by this Protective Order.  Unless a motion challenging the protected status of the document(s) is filed with the court for resolution, within seven (7) business days of receiving written notification of an inadvertent or unintentional disclosure from the producing party, the receiving party shall destroy all prior copies of the material or information and shall thereafter treat such material or information as Protected Information under this Protective Order.

15. <u>Duty to Inform</u>.  A party receiving information that it believes contains, reflects, reveals, or otherwise discloses Protected Information that has not been identified as such pursuant to paragraph 9 shall promptly notify the producing party of the information it believes should be designated as Protected Information.

16. <u>Waiving Protection of Information</u>.  A party may at any time waive the protection of this Protective Order with respect to any information it has designated as

protected by advising the court and the other parties in writing and identifying with specificity the Protected Information to which this Protective Order will no longer apply.  Any such voluntary waiver of protection shall be limited to the specific Protected Information identified in the written notification to the court and other parties.

17. <u>Inadvertent Disclosure Of Classified Material</u>.  In the event that the receiving party receives material either marked as "Classified," or that the receiving party believes is Classified, but not marked as such, the receiving party shall immediately notify the producing party, secure the document(s) (and not forward or transmit the document(s) via any means), and abide by all appropriate Department of Defense and Air Force directives and instructions on handling classified information.

18. <u>Breach of the Protective Order</u>.  If a party discovers any breach of any provision of this Protective Order, the party must promptly report the breach to the other parties and to the court, and immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to individuals not admitted under this Protective Order.  The parties must cooperate to determine the reasons for any such breach.

19. <u>Maintaining Filed Documents Under Seal</u>.  The court will maintain properly marked protected documents under seal throughout this litigation.

20. <u>Retention of Protected Information By the Court After the Termination of Litigation</u>.  Upon conclusion of this action (including any appeals and remands), any materials that have been filed with the court under seal will be retained by the court pursuant to Rule 77.3(c) of the Rules of the United States Court of Federal Claims.  In addition, within 30 days of the conclusion of this action (including any appeals and remands), the parties shall review previously designated Protected Information, and shall propose to the court, in a joint motion, what information requires continued protection, for what period of time, and the rationale for continuing protection.

21. <u>Disposing of Protected Information</u>.  Within thirty (30) days of the conclusion of this action (including any appeals and remands), all parties must destroy all Protected Information and certify, in writing, to each other party involved that such destruction has occurred or must return the Protected Information to the party from which the information was received.  With respect to protected electronically stored information (ESI) stored on counsel's computer network(s), destruction of such ESI for purposes of compliance with this paragraph shall be complete when counsel takes reasonable steps to delete all such ESI from the active email system (such as, but not limited to, the "Inbox," "Sent Items," and "Deleted Items" folders) of admitted counsel and of any personnel who received or sent emails with protected information while working under the direction and supervision of such counsel, and by deleting any protected ESI from databases under counsel's control.  Compliance with this paragraph does not require counsel

to search for and remove ESI from any computer network back-up tapes, disaster recovery systems, or archival systems.  Each party may retain one copy of such documents, except when the retention of additional copies is required by federal law or regulation, provided those documents are properly marked and secured.

**IT IS SO ORDERED**.

                                                      s/ Francis M. Allegra
                                                     Francis M. Allegra
                                                     Judge

**(Attachment A)**

# 𝔍n 𝔗he 𝔘nited 𝔖tates 𝔈ourt of 𝔉ederal 𝔈laims
No. 12-380C

UNITED LAUNCH SERVICES, LLC,
and THE BOEING COMPANY,

        Plaintiffs,

  v.

THE UNITED STATES,

        Defendant.

**APPLICATION FOR ACCESS TO INFORMATION UNDER
PROTECTIVE ORDER BY EXPERT CONSULTANT OR WITNESS**

    1. I, the undersigned, am a _____ with _____ and hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

    2. I have been retained by _____ and will, under the direction and control of _____, assist in the representation of _____ in this proceeding.

    3. I hereby certify that I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of any party to this proceeding or any other firm that might gain a competitive advantage from access to the information disclosed under the protective order. Neither I nor my employer provides advice or participates in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means, for example, that neither I nor my employer provides advice concerning, or participates in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

    4. My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to the proceeding. Neither I nor any member of my immediate family holds office or a management position in any company that is a party in this proceeding or in any competitor or potential competitor of a party.

5. I have attached the following information:

   a. a current resume describing my education and employment experience to date;

   b. a list of all clients for whom I have performed work within the two years prior to the date of this application and a brief description of the work performed;

   c. a statement of the services I am expected to perform in connection with this proceeding;

   d. a description of the financial interests that I, my spouse, and/or my family has in any entity that is an interested party in this proceeding or whose protected information will be reviewed; if none, I have so stated;

   e. a list identifying by name of forum, case number, date, and circumstances all instances in which I have been granted admission or been denied admission to a protective order, had a protective order admission revoked, or have been found to have violated a protective order issued by an administrative or judicial tribunal; if none, I have so stated; and

   f. a list of the professional associations to which I belong, including my identification numbers.

6. I have read a copy of the Protective Order issued by the court in this proceeding. I will comply in all respects with all terms and conditions of that order in handling any protected information produced in connection with the proceeding. I will not disclose any protected information to any individual who has not been admitted under the Protective Order by the court.

7. For a period of two years after the date this application is granted, I will not engage or assist in the preparation of a proposal to be submitted to any agency of the United States government for _____ when I know or have reason to know that any party to this proceeding, or any successor entity, will be a competitor, subcontractor, or teaming member.

8. For a period of two years after the date this application is granted, I will not engage or assist in the preparation of a proposal or submission to ____ nor will I have any personal involvement in any such activity.

9. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

\* \* \*

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

---

Signature                                Date Executed

---

Typed Name and Title

---

Telephone & Facsimile Numbers

---

E-mail Address

---

Signature of Attorney of Record          Date Executed

---

Typed Name and Title

---

Telephone & Facsimile Numbers

---

E-mail Address