# In the United States Court of Federal Claims

No. 12-380C
(Filed: November 1, 2018)

|  |  |
|---|---|
| UNITED LAUNCH SERVICES, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Keywords: 28 U.S.C. § 1292(d)(2); Interlocutory Appeal; Substantial Ground for Difference of Opinion. |

*Carl J. Nichols*, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., for Plaintiff. *Christopher E. Babbitt*, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., *Karen L. Manos*, Gibson, Dunn & Crutcher LLP, Washington, D.C., and *Matthew J. Thome*, von Briesen & Roper, s.c., Milwaukee, WI, Of Counsel.

*Corrine A. Niosi*, Senior Trial Counsel, and *David M. Kerr*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant, with whom were *Patricia M. McCarthy*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General.

**OPINION AND ORDER**

**KAPLAN, Judge.**

On August 29, 2018, this Court issued an Opinion and Order ("the Order") denying the motion for partial summary judgment filed by Plaintiff United Launch Services ("ULS"). Among other things, the Court rejected ULS's argument that the government—to prevail on its affirmative defense to ULS's breach-of-contract claim—must demonstrate not only that certain payment provisions in the contract between ULS and the United States are illegal, but that they are "plainly or palpably" so. But while the Court rejected ULS's proffered standard, it reached no conclusion at all whether the payment provisions at issue violate the applicable Cost Accounting Standards (plainly, palpably, or otherwise). It did not decide that question because there are material facts in dispute that preclude it from resolving the complex legal issues at stake in the context of a motion for summary judgment.

ULS has now filed a motion under 28 U.S.C. § 1292(d)(2) to certify this Court's

Order for interlocutory appeal and to stay proceedings pending appeal. See ECF No. 136. It contends that the issue of whether a plain or palpable illegality standard should be applied involves a controlling question of law as to which there is a substantial basis for a difference of opinion. It also argues that an immediate resolution of the proper standard would materially advance the termination of this litigation.

For the reasons set forth below, ULS's arguments are unpersuasive. Its motion, accordingly, is **DENIED.**

## DISCUSSION

Section 1292(d)(2) of Title 28 provides, in pertinent part, as follows:

> [W]hen any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.[1]

Thus, to certify an interlocutory appeal of its Order, the Court must find that the Order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal may materially advance the ultimate termination of the litigation." See id. As the Wright and Miller treatise observes, "[t]he three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." 16 Charles Alan Wright et al., Fed. Prac. & Proc. § 3930 (3d ed. Apr. 2017 Update) (footnote omitted). The Federal Circuit has cautioned, however, that "courts should only grant interlocutory appeals under rare circumstances." Fujitsu Ltd. v. Tellabs, Inc., 539 F. App'x 1005, 1006 (Fed. Cir. 2013).

This case does not present one of those "rare" occasions in which a grant of interlocutory appeal would be appropriate. First, for purposes of determining whether an interlocutory appeal is warranted, a question of law is "controlling" if the resolution thereof will "materially affect issues remaining to be decided in the trial court." Neb. Pub. Power Dist. v. United States, 74 Fed. Cl. 762, 763 (2006); see also, e.g., In re Trump, 874 F.3d 948, 951–52 (6th Cir. 2017) (analyzing grounds for interlocutory appeal under § 1292(b)). Here, it is unclear whether resolution of the proper illegality standard

---

[1] The language of § 1292(d)(2) "is virtually identical to 28 U.S.C. § 1292(b) . . . which governs interlocutory review by other courts of appeals." United States v. Connolly, 716 F.2d 882, 883 n.1 (Fed. Cir. 1983) (en banc). "Because the operative language is identical, the legislative history and case law governing the interpretation of section 1292(b) is persuasive in reviewing motions for interlocutory appeal under section 1292(d)(2)." Abbey v. United States, 89 Fed. Cl. 425, 429 (2009) (citation omitted).

will materially affect the Court's determination regarding the enforceability of the payment provisions at issue. It is entirely conceivable that it will not. For example, if the Court concludes that the payment provisions are not illegal at all, then the standard to be applied to illegal payment provisions will be of no moment. Or, the Court may find in effect that the payment provisions are "plainly or palpably" illegal. In that case, it will not be necessary to decide whether a violation of law that is not plain or palpable would suffice to render the payment provisions unenforceable.

Second, even assuming the question of law were a controlling one for purposes of 28 U.S.C. § 1292(d)(2), the Court rejects ULS's contention that there exist substantial grounds for disagreement as to whether the plain or palpable illegality standard applies. "Substantial grounds" for difference of opinion may exist when: (1) there are "two different, but plausible, interpretations of a line of cases"; (2) there is a "split[] among the circuit courts"; (3) there is "an intracircuit conflict or a conflict between an earlier circuit precedent and a later Supreme Court case"; or (4) there is, "at the very least, a substantial difference of opinion among the judges of this court." Klamath Irr. Dist. v. United States, 69 Fed. Cl. 160, 163 (2005) (emphasis supplied).

Here, ULS does not identify a decision from any other court with which this Court's decision is inconsistent. Instead it rehashes its summary judgment arguments, essentially arguing that its own disagreement with the Court's analysis of ULS's proffered line of cases is sufficient to establish the existence of a substantial ground for difference of opinion. But if a party's disagreement with the Court's analysis were enough to establish a substantial ground for a difference of opinion, then virtually every ruling could be certified for interlocutory appeal. See Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010) ("A party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference. That settled law might be applied differently does not establish a substantial ground for difference of opinion.") (internal citations and quotations omitted); In re Jackson Brook Inst., Inc., 280 B.R. 1, 6 (D. Me. 2002) ("[T]he fact that there is room for garden variety legal argument does not amount to substantial ground for difference of opinion.") (internal citations, quotations, and alterations omitted).

Further, the Court has already considered the arguments ULS makes in its memorandum in support of certification and has concluded that the decisions upon which ULS continues to rely—including John Reiner & Co. v. United States, 325 F.2d 438 (Ct. Cl. 1963), and United States v. Amdahl Corp., 786 F.2d 387 (Fed. Cir. 1986)—are inapposite. As the Court explained in its opinion, those decisions applied the plain or palpable illegality standard in circumstances where the government allegedly violated the law when it awarded a contract to plaintiffs, who were not themselves responsible in any way for the violation. Slip Op. at 21–25, ECF No. 138. This case, on the other hand, involves the enforceability of allegedly unlawful payment provisions to which both parties agreed, fully aware of the legal issues the provisions raised. Id. While ULS states that it is unaware of any other decisions that have explicitly relied upon this distinction, it also does not identify other decisions that disagree with the Court's analysis. Pl.'s Mem. in Supp. of Mot. to Certify Order for Interlocutory Appeal ("Pl.'s Mem.") at 6, ECF No. 136-1.

Moreover, the Court rejects ULS's argument that the decisions in Yosemite Park & Curry Co. v. United States, 582 F.2d 552 (Ct. Cl. 1978) and Urban Data Systems, Inc. v. United States, 699 F.2d 1147 (Fed. Cir. 1983) applied the plain or palpable illegality standard when determining the enforceability of certain contractual payment provisions. The fact that those decisions used modifiers such as "clearly," "plain," and "squarely" when describing the legal violations does not signify that the decisions applied a plain or palpable illegality standard. In fact, the court of appeals made no reference to either Reiner or Amdahl in those cases, or to the plain or palpable violation standard.  In sum, ULS has not established any "substantial ground for difference of opinion" as to whether or not the plain or palpable illegality standard applies in this case.

Finally, the Court finds that an immediate appeal is unlikely to "materially advance the ultimate termination of the litigation." The distinction between whether the payment provisions are illegal or whether they are plainly or palpably so is one of degree. Whether the plain or palpable standard applies or not, the Court must still determine in the first instance whether the payment provisions are illegal. And the same factual disputes and complexity that dissuaded the Court from granting ULS partial summary judgment would exist regardless of which standard the Court applied.[2] Granting interlocutory appeal regarding the applicable standard would therefore not avert the devotion of the Court's and the parties' resources to the preparation and conduct of a trial. See Green Edge Enters., LLC v. Rubber Mulch Etc., LLC, 450 F. App'x 978, 980 (Fed. Cir. 2011) (finding that an interlocutory appeal would not advance ultimate termination of litigation "because whatever the outcome this matter would have to go back to the district court for trial").

## CONCLUSION

For the reasons set forth above, ULS's motion for interlocutory appeal and for stay pending appeal is **DENIED**.

The parties shall file a joint proposed pretrial scheduling order that complies with Appendix A, Section VI of the Rules of the Court of Federal Claims, by **November 30, 2018**.

---

[2] In that regard, the Court rejects ULS's argument that during oral argument the Court "suggested" that if the plain or palpable illegality standard applied then "Plaintiffs would probably be entitled to summary judgment because . . . there's nothing in the record, there's no evidence in the record sufficient to support a plain and palpable violation." Pl.'s Mem. at 7 (quoting Hr'g Tr. at 22:11–17, ECF No. 134); see also Pl.'s Reply at 1, 9. As is apparent from the transcript, this was not a "suggestion" much less a ruling. Rather, the Court was asking counsel for the government whether she "would agree" with that proposition; the purpose of the question was to gain a greater understanding of the government's position. Hr'g Tr. at 22:8–17.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge